IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WELTON WATSON                                                                                       PLAINTIFF

V.                            CIVIL NO. 4:15-cv-04017

SHERIFF RON STOVALL;
SOUTHERN HEALTH PARTNERS;
and WARDEN MARTY BRAZELL                                                             DEFENDANTS

**O R D E R**

Plaintiff Welton Watson filed this 28 U.S.C. § 1983 action *pro se* on February 5, 2015 ECF No. 1.  Currently before the Court is Plaintiff's: (1) Motion for Sanctions (ECF No. 19); (2) Plaintiff's Motion to Compel (ECF No. 27); and (3) Plaintiff's Motion for Order (ECF No. 43).

1.      Motion for Sanctions (ECF No. 19)

In Plaintiff's Motion for Sanctions (ECF No. 19) he moves the Court to sanction Defendant Southern Health Partners for failing to participate in discovery before filing its Motion for Summary Judgment.

Defendant Southern Health Partners responded arguing it had not violated any Federal Rules of Civil Procedure by filing its Motion for Summary Judgment before conducting discovery with Plaintiff.

Defendant Southern Health Partners has taken no action warranting sanctions.  Federal Rule of Civil Procedure 56(b) reads: "Unless a different time is set by local rule or the court

1

orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(a). Further, cases filed by *pro se* prisoners such as this one are not subject to Federal Rule of Civil Procedure 26 disclosures. Fed. R. Civ. P. 26(a)(1)(B)(iv).

Defendant Southern Health Partners was not required to produce any initial disclosures to Plaintiff until I entered the Initial Scheduling Order directing it to do so. ECF No. 18. Defendant Southern Health Partners filed its Motion for Summary Judgment prior to the entry of the Initial Scheduling Order. Therefore, Defendant Southern Health Partners was in no way violating any Court orders or the Federal Rules of Civil Procedure by filing its Motion for Summary Judgment before producing initial disclosures or participating in discovery with Plaintiff.

Moreover, Defendant Southern Health Partners has not produced to Plaintiff the Court required initial disclosures (ECF No. 32), and Plaintiff will have a chance to respond to the Motion for Summary Judgment, using these disclosures, at the upcoming hearing.

Accordingly, Plaintiff's Motion for Sanctions (ECF No. 19) is **DENIED**.

2. Motion to Compel (ECF No. 27)

In his Motion to Compel (ECF No. 27), Plaintiff asserts Defendant Southern Health Partners did not produce Plaintiff's full and complete medical file from his incarceration in the Miller County Detention Center from January 7, 2015 to February 2, 2015. In response, Defendant Southern Health Partners represented it initially believed Plaintiff's complete medical file was produced in the initial disclosures produced on June 5, 2015. On July 16, 2015, however, ten (10) additional pages of Plaintiff's medical file were located and sent to Plaintiff

as a supplement to the initial disclosures. Defendant Southern Health Partners affirmatively states Plaintiff now has a complete copy of his medical file.

Accordingly, Plaintiff's Motion to Compel (ECF No. 27) is **DENIED** as moot.

3.  Motion for Order (ECF No. 43)

In Plaintiff's Motion for Order (ECF No. 43), he requests I "change the scheduling order" by moving "scheduling times forward." It is unclear exactly what Plaintiff seeks through this Motion. A hearing is scheduled in this matter on December 11, 2015 and Defendants represent they have produced all discovery to Plaintiff in this matter. There are no dates to move forward at this time. The hearing will proceed as scheduled.

Therefore, Plaintiff's Motion for Order (ECF No. 43) is **DENIED**.

**IT IS SO ORDERED this 30th day of November 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE