IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WELTON WATSON                                                                    PLAINTIFF


V.                                         CIVIL NO. 4:15-cv-04017


SHERIFF RON STOVALL;
SOUTHERN HEALTH PARTNERS;
and WARDEN MARTY BRAZELL                                           DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        This is a civil rights action filed by the Plaintiff Welton Watson pursuant to 42 U.S.C. §
1983.  According to Plaintiff's address of record he is not currently incarcerated.  Pursuant to the
provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States
District Judge, referred this case to the undersigned for the purpose of making a report and
recommendation.

        Currently before the Court are Defendants' Motions for Summary Judgment (ECF Nos. 13,
28) and Plaintiff's failure to prosecute this matter.  I held a hearing to take Plaintiff's oral response
to Defendants' Motions on December 8, 2015.  Plaintiff failed to appear.  After careful
consideration, I make the following Report and Recommendation.

**1.      BACKGROUND**

        Plaintiff originally filed this case *pro se* on February 5, 2015.  ECF No. 1.  In his
Complaint, Plaintiff claims his constitutional rights were violated while he was incarcerated in the
Miller County Detention Center ("MCDC").  Specifically, (1) Plaintiff claims Sheriff Stovall did
not take action to prevent Plaintiff future harm from his Hepatitis C, even though, Sheriff Stovall

1

knew Plaintiff suffered from Hepatitis C; (2) Sheriff Stovall has a policy of hiring medical care providers that do not provide Plaintiff with the care he needs for his Hepatitis C; (3) Southern Health Partners did not take action to prevent Plaintiff future harm from his Hepatitis C, even though, they knew Plaintiff suffered from Hepatitis C; (4) Marty Brazell knew of Plaintiff's Hepatitis C and never took actions to resolve it; (5) Marty Brazell was notified through grievances on several occasions from 2012 through 2015 of Plaintiff's Hepatitis C but he failed to ensure it was resolved through the medical providers; and (6) as a result of the Defendants' actions Plaintiff now suffers from stage II liver cancer.

On April 30, 2015, I entered an Initial Scheduling Order directing Defendants to file a Motion for Summary Judgment and setting a hearing on such motions for September 11, 2015 for Plaintiff to orally respond to Defendants' Motions for Summary Judgment. ECF No. 18. This hearing was later rescheduled to December 10, 2015 by Order dated August 31, 2015. ECF No. 40. This August Order again explained that the hearing was for the purpose of hearing Plaintiff's oral response to Defendants' Motions for Summary Judgment. On November 6, 2015, the hearing was again rescheduled for December 8, 2015 and Plaintiff was sent Notice of this rescheduling.

Plaintiff notified the Clerk of Court in September 2015 that he was released from the Arkansas Department of Correction and he provided the address currently listed as his address of record. ECF No. 45.

On December 3, 2015, I entered an Order advising Plaintiff, despite his release from custody, the hearing scheduled for December 8, 2015 would proceed as scheduled. I also explained to Plaintiff he was expected to appear at the hearing in person to give his oral response to Defendants' Motions for Summary Judgment. Finally, I advised Plaintiff that failure to appear

at the hearing would subject this matter to dismissal.  ECF No. 47.

Plaintiff failed to appear at the hearing on December 8, 2015.  The hearing was scheduled to begin at 1:00 p.m.  At 1:15 p.m., I noted that Plaintiff had failed to appear and excused Defendants' counsel Mr. Sanderfer and Mr. Cook.  Plaintiff never appeared at the courthouse on December 8, 2015.

Furthermore, this is not the first time Plaintiff has failed to prosecute a pending case in this Court.  In 2011, I dismissed a similar case Plaintiff filed because Plaintiff was released from prison and stopped prosecuting the case and communicating with the Court.  *See Watson v. Williams, et al.,* Civil No. 4:11-cv-04022-BAB.

## 2.    APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"   *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).   Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).   The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."   *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3.     **DISCUSSION**

Plaintiff has failed to comply with the Court's November 6, 2015 Scheduling Order, subsequent rescheduling Orders, and the Court's December 3, 2015 Order advising he was responsible for his own transportation to the December 8, 2015 hearing.   Lastly, Plaintiff has failed to prosecute this matter.   Plaintiff has not communicated with the Court since September 2015 when he requested the Court move "scheduling times forward."   I denied this request and advised Plaintiff the hearing would take place as scheduled.   ECF No. 46.   Further, Plaintiff has failed to object in any way to Defendants' Motions for Summary Judgment.

Due to Plaintiff's pattern of intentional delay and disobedience of Court orders, I recommend Plaintiff's Complaint be dismissed with prejudice.   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"   *Brown,* 806 F.2d at 803–04.   Plaintiff has exhibited a

pattern of intentional dely and willful disobedience here.  *See Hunt,* 203 F.3d at 527 (8th Cir. 2000).  The Court sent notification of the December 8, 2015 hearing to Plaintiff on two separate occasions to his address of record.  Neither of these notifications were returned as undeliverable mail.  Therefore, I find Plaintiff received both of these notifications and disregarded them.

Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

4.      **CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).  Further, I recommend Defendants' Motions for Summary Judgment (ECF Nos. 13, 28) be terminated.

**The Parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of December 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE